1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10   MATTHEW BOEMAN WILLIAMS,          )   CASE NO. ED CV 20-0015-VAP (PJW)
                                       )
11                    Petitioner,      )   ORDER DISMISSING HABEAS CORPUS
                                       )   PETITION WITH PREJUDICE AND
12            v.                       )   DENYING CERTIFICATE OF
                                       )   APPEALABILITY
13   GEORGE JAIME,                     )
                                       )
14                    Respondent.      )
     ─────────────────────────────    )

15

16        In August 2011, Petitioner pled no contest in San Bernardino

17   County Superior Court to voluntary manslaughter and assault with a

18   firearm and was sentenced to 21 years in prison.  (Petition at 2, 12,

19   37.[1])  He did not appeal.

20        In 2019, Petitioner filed a petition for resentencing pursuant to

21   California Penal Code § 1170.  (Petition at 54-60.)  In March 2019,

22   the Superior Court denied the petition, finding that Petitioner was

23   ineligible for resentencing.  (Petition at 26.)  Petitioner moved for

24   reconsideration, which the Superior Court denied.  (Petition at 27-35,

25   37.)  Petitioner filed an appeal, which the California Court of Appeal

26   construed as a habeas corpus petition and then summarily denied.

27   ─────────────────

28        [1]  The Court uses the page numbering created automatically by the
     docketing system.

1   (Petition at 6, 38-41; see appellatecases.courtinfo.ca.gov, Case No.

2   E072808).)   Petitioner sought review in the California Supreme Court,

3   which summarily denied his petition for review.   (Petition at 4, 5.)

4        In January 2020, Petitioner filed the instant Petition pursuant

5   to 28 U.S.C. § 2254.   Though he did not set forth any grounds for

6   relief (Petition at 62-64), he attached his state court petitions to

7   his federal petition.   The Court presumes that by doing so he was

8   incorporating his state court claims into his federal petition.

9        The Court has a duty to screen habeas corpus petitions before

10  ordering service on a respondent.   *See Mayle v. Felix,* 545 U.S. 644,

11  656 (2005).   In doing so, if it plainly appears from the face of a

12  petition that a petitioner is not entitled to relief, the Court can

13  dismiss the petition at the outset.   *See* Rule 4, Rules Governing

14  § 2254 Cases; and *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

15       Petitioner contends that the Superior Court abused its discretion

16  when it concluded that he was ineligible for resentencing under

17  California Senate Bill 1437 and California Penal Code § 1170.

18  (Petition at 7-11 (Petition in California Supreme Court).)   This claim

19  is not cognizable in federal habeas corpus because it is purely a

20  state law claim, i.e., the state court trial judge abused his

21  discretion under state law.   *See Swarthout v. Cooke*, 562 U.S. 216, 219

22  (2011) (reaffirming that "federal habeas corpus relief does not lie

23  for errors of state law.") (quotations omitted); *Williams v. Borg*, 139

24  F.3d 737, 740 (9th Cir. 1998) (holding federal court in state habeas

25  case may only address federal constitutional violations, not abuses of

26  discretion by a state court under state law); *see also Davis v. Muñoz*,

27  2019 WL 2424540, at *4 (C.D. Cal. May 2, 2019) ("[W]hether Petitioner

28

1   is entitled to relief under Cal. Penal Code § 1170.95 . . . is solely

2   a matter of state law."), *adopted by* 2019 WL 2424107 (C.D. Cal. June

3   7, 2019).  Further, there is nothing Petitioner can do or say to

4   convert his state law claim into a federal claim.  For these reasons,

5   the Petition is dismissed with prejudice.

6       Further, because Petitioner has not made a substantial showing of

7   the denial of a constitutional right or that the Court erred in its

8   procedural ruling, Petitioner is not entitled to a certificate of

9   appealability.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b);

10   *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*,

11   529 U.S. 473, 484 (2000).

12       IT IS SO ORDERED

13       DATED: April 15, 2020

16   VIRGINIA A. PHILLIPS

17   UNITED STATES DISTRICT JUDGE

24   Presented by:

26   PATRICK J. WALSH

27   UNITED STATES MAGISTRATE JUDGE

28   o:\VAP\ECF Ready\ED20CV00015-VAP-194 MJ PJW-[PROP] ORDER DISMISSING PET.wpd

3